UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN M. SALEEBY,                                          )
                                                         )
                          Plaintiff,                     )
                                                         )
            v.                                           )
                                                         )        Civil Action No:
CHICAGO MERCANTILE EXCHANGE INC.,                        )
CHICAGO MERCANTILE EXCHANGE                              )
HOLDINGS INC., COMPUTERSHARE                             )
INVESTOR SERVICES LLC, and MELLON                        )
INVESTOR SERVICES LLC,                                   )
                                                         )
                          Defendants.                    )

### JOINT NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, for the reasons set forth below, Defendants

Chicago Mercantile Exchange Inc., Chicago Mercantile Exchange Holdings Inc., Mellon

Investor Services LLC and Computershare Investor Services LLC ("Defendants") file this Notice

of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 from the Circuit Court of St. Louis County,

Missouri, to the United States District Court for the Eastern District of Missouri.

In support of this Notice of Removal, Defendants state as follows:

### BACKGROUND

1.      On September 18, 2007, John M. Saleeby ("Saleeby" or "Plaintiff")

commenced an action against Defendants in the Circuit Court of St. Louis County, Missouri,

captioned *John M. Saleeby v. Chicago Mercantile Exchange, Inc., Chicago Mercantile Exchange*

*Holdings, Inc., Computershare Investor Services, LLC, and Mellon Investor Services, LLC,* Civil

Action No. 07-CC-003800. True and correct copies of the Petition for Damages for Conversion, Negligent Misrepresentation, Negligent Infliction of Emotional Distress, Negligence and Conspiracy ("Petition" or "Pet.") and Summons, together with "all process, pleadings, and orders served upon" the defendants are attached hereto as Exhibit A.

2.    In his Petition, Plaintiff pleads the following causes of action: (I) conversion; (II) negligent misrepresentation; (III) negligence; (IV) negligent infliction of emotional distress; and (V) civil conspiracy. (*See* Ex. A, Pet. at ¶¶ 31-56.)

3.    In each cause of action, Plaintiff requests judgment against Defendants for compensatory damages "in an amount in excess of Twenty Five Thousand Dollars ($25,000.00)" in addition to punitive damages and attorney's fees. (*See id.*)

4.    Defendants timely file this Notice of Removal under 28 U.S.C. § 1446(b). On September 24, 2007, Defendant Mellon Investor Services, LLC received a copy of the Summons and Petition by hand delivery to its agent, CT Corporation. The remaining defendants received copies of the Summons and Petition on later dates. Pursuant to 28 U.S.C. § 1446(b), "[the] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As Defendants are filing this Notice Of Removal within thirty days of Mellon Investor Services' receipt of the Summons and Petition on October 24, 2007, removal is timely under 28 U.S.C. §1446(b).

## GROUNDS FOR REMOVAL

5.    This matter may be removed pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

## The Parties are Diverse.

6.      Pursuant to 28 U.S.C. § 1332(a), this civil action is between citizens of different states.

7.      Plaintiff Saleeby is a citizen of Missouri. (Pet. at ¶ 1).

8.      For purposes of 28 U.S.C. § 1332(a), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* at § 1332(c)(1).

9.      Defendant Chicago Mercantile Exchange Inc. is a Delaware company with its principal place of business in Illinois. (Pet. at ¶ 2).

10.     Defendant Chicago Mercantile Exchange Holdings Inc. is a Delaware company with its principal place of business in Illinois. (Pet. at ¶ 3).

11.     Defendant Computershare Investor Services, LLC is a Delaware company (Pet. at ¶ 4) with its principal place of business in Illinois. *See* Ex. B.[1]

12.     Defendant Mellon Investor Services, LLC is a New Jersey company (Pet. at ¶ 5) with its principal place of business in New Jersey. *See* Ex. C.

13.     There is complete diversity between the Plaintiff and Defendants because the Plaintiff is a citizen of a state different from any of the defendants. 28 U.S.C. § 1332(a)

---

[1]      A court may take judicial notice of public records. *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005).

### The Amount in Controversy Exceeds $75,000.

14.    Based on the allegations in the Complaint, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Plaintiff seeks compensatory damages "in excess of $25,000" as well as unspecified additional punitive damages and attorney's fees each of his five counts. (*See* Ex. A, Pet. at ¶¶ 31-56.)

15.    In *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003), the Eighth Circuit held that the party seeking removal must prove by a "legal certainty" that the claim meets the jurisdictional amount.  However, in *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003), the Eighth Circuit held that the removing party must prove by "a preponderance of the evidence" that the amount in controversy exceeds $75,000.  Under either standard, Defendants can demonstrate that Plaintiff Saleeby's claims exceed $75,000.

16.    Plaintiff makes claims for conversion, negligent misrepresentation, negligence, negligent infliction of emotional distress, and civil conspiracy related to its allegations that Defendants wrongfully transferred shares of CME Holdings Stock from Plaintiff's account. (*See* Ex. A, Pet. at ¶¶ 31-56.)  Plaintiff also seeks punitive damages and attorney's fees from Defendants (*see id.*), which this Court includes when calculating the amount in controversy.  *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Visintine v. Saab Automobile A.B.*, 891 F.Supp. 496, 497 (E.D. Mo. 1995).

17.    Plaintiff alleges that on July 3, 2006, Defendants wrongfully transferred 601 shares of CME Holdings Stock out of Plaintiff's account. (*See* Ex. A, Pet. at ¶¶ 24-30.)

4

18.     On July 3, 2006, 601 shares of CME Holdings Stock had a market value of $277,181.  *See* Ex. D.[2]

19.     Plaintiff's claim for conversion of the 601 shares of stock at issue is just one of his counts seeking compensatory damages.  (*See* Ex. A, Pet. at ¶¶ 31-37.)  The value of Plaintiff's conversion claim is $277,181 plus alleged punitive damages and attorney's fees.  (*See* Ex. D.)

20.     It is a legal certainty that Plaintiff's compensatory damages alone exceed $75,000 and thus fulfill the amount in controversy requirements of 28 U.S.C. § 1332(a). Accordingly, removal is proper under 28 U.S.C. § 1332(a).

## COMPLIANCE WITH REMOVAL STATUTE

21.     This action is removable to this Court pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Eastern District of Missouri embraces the location where the state court action is pending – St. Louis County.  (*See* Ex. A)

22.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1446(a).

23.     Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and orders served upon CME with respect to this action, which papers are the Summons and Petition, are attached.  (*See* Ex. A.)

24.     Contemporaneously herewith, Defendants have given the plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).  A copy of that

---

2     Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of closing stock prices.  *See, e.g., S.E.C. v. Bilzerian*, 814 F.Supp. 116, 123 (D.D.C. 1993).

notice has been filed under separate cover.

        25.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of St. Louis County, Missouri. A copy of that notice is attached as Exhibit E.

        26.     Pursuant to Local Rules 2.02 and 2.03, Defendants attach hereto an Original Filing Form and a Civil Cover Sheet. The Original Filing Form is attached as Exhibit F and the Civil Cover Sheet as Exhibit G.

        WHEREFORE, Defendants respectfully requests that the action now pending in the Circuit Court of St. Louis County, Missouri, be removed to this Court and that this Court accept this Notice Of Removal for filing in accordance with the provisions of 28 U.S.C. § 1441 *et seq.*

Dated:  October 24, 2007
        St. Louis, Missouri

                      Respectfully submitted,

Of Counsel:

                      William R. Bay

Christina M. Tchen         THOMPSON COBURN LLP
Jerrold E. Salzman         One US Bank Plaza
Torey B. Chambers       St. Louis, Missouri 63101-1611
SKADDEN, ARPS, SLATE,    Telephone: (314) 552-6000
  MEAGHER & FLOM LLP    Facsimile: (314) 552-7000
333 West Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700     Counsel for Defendants
Facsimile: (312) 407-0411

## Certificate Of Service

I, hereby certify that on October 24, 2007, I caused a true copy of the foregoing Notice Of Removal to be served by messenger upon attorneys for Plaintiff, David B. Cosgrove, Capes, Sokol, Goodman & Sarachan, P.C., Pierre Laclede Center, 7701 Forsyth Boulevard, 12th Floor, St. Louis (Clayton), MO 63105-1818.

Dated: October 24, 2007

| Report: CZR0026 | 21ST JUDICIAL CIRCUIT | Date: | 24-Oct-2007 |
|---|---|---|---|
| | ST LOUIS COUNTY | Time: | 1:55:43PM |
| | CIRCUIT COURT DOCKET SHEET | Page: | 1 |

**2107CC-03800**    **JOHN M SALEEBY V CHICAGO MERCANTILE EXCHANGE INC**    **Security Level: 1 Public**

| Case Type: | CC Other Tort | Case Filing Date: | 18-Sep-2007 |
|---|---|---|---|
| Status: | Document Filed | | |
| Disposition: | | Disposition Date: | |

|  |  | Release/Status Change Date | Reason |
|---|---|---|---|
| Judge | COLLEEN DOLAN (34349) | | |
| Plaintiff | **JOHN M SALEEBY (C22511152)** | | |
|   Attorney for Plaintiff | DAVID B. COSGROVE(40980) | | |
| Defendant | **CHICAGO MERCANTILE EXCHANGE INC (C23150718)** | | |
|   Reg. Agent for Serv of Process | THE CORPORATION TRUST COMPANY(C24051273) | | |
| Defendant | **COMPUTERSHARE INVESTOR SERVICES LLC (C23205060)** | | |
|   Reg. Agent for Serv of Process | LEXISNEXIS DOCUMENT SOLUTIONS INC(C23559902) | | |
| Defendant | **CHICAGO MERCANTILE EXCHANGE HOLDINGS INC (C23150721)** | | |
|   Reg. Agent for Serv of Process | THE CORPORATION TRUST COMPANY(C24051273) | | |
| Defendant | **MELLON INVESTOR SERVICES INC (C23614628)** | | |
|   Reg. Agent for Serv of Process | CT CORPORATION SYSTEM(C23232914) | | |

| **Filing Date** | **Description** | |
|---|---|---|
| 18-Sep-2007 | **Document Filed** | #21JGALL |
| | DIRECT FILING, PETITION AND COVER SHEET FILED, CASE ASSIGNED TO DIV 20 | |
| | **Entry of Appearance Filed** | #21JGALL |
| | DAVID B. COSGROVE ENTERS APPEARANCE FOR PLAINTIFF(S) #1 JOHN M SALEEBY | |
| 19-Sep-2007 | **Summ Issd- Circ Pers Serv O/S** | BGCV0006 |
| | SUMMONS FOR SERVICE OUTSIDE THE STATE ISSUED TO DEFENDANT #1 AND MAILED TO ATTORNEY FOR SERVICE BY OUT OF STATE COUNTY SHERIFF. | |
| | **Summ Issd- Circ Pers Serv O/S** | BGCV0006 |
| | SUMMONS FOR SERVICE OUTSIDE THE STATE ISSUED TO DEFENDANT #2 AND MAILED TO ATTORNEY FOR SERVICE BY OUT OF STATE COUNTY SHERIFF. | |
| | **Summ Issd- Circ Pers Serv O/S** | BGCV0006 |
| | SUMMONS FOR SERVICE OUTSIDE THE STATE ISSUED TO DEFENDANT #3 AND MAILED TO ATTORNEY FOR SERVICE BY OUT OF STATE COUNTY SHERIFF. | |
| | **Summons Issued-Circuit** | BGCV0006 |
| | SUMMONS ISSUED TO DEFENDANT #4 AND MAILED TO ATTORNEY FOR SERVICE BY ST. LOUIS CITY SHERIFF. | |
| 25-Sep-2007 | **Return Service - Other** | #21MDUBI |
| | SUMMONS ISSUED TO DEFENDANT(S) #4 MELLON INVESTOR SERVICES INC REGISTERED AGENT CT CORPORATION SYSTEM, RETURNED SERVED ON 09/24/2007 | |



EXHIBIT
**4**

## NOTICE TO SHERIFF - DOCUMENTS TO BE SERVED WITH PETITION

- ☐ Certificate of Dissolution of Marriage
- ☐ Financial Statements
- ☐ Notice
- ☐ Temporary Restraining Order
- ☐ Interrogatories
- ☐ Other (Specify) _____

- ☐ FC Filing Certificate
- ☐ Motion/Affidavit for PDL
- ☐ Order of Appointment of Next Friend
- ☐ Request for Production
- ☐ Limited Entry of Appearance
- ☒ Notice of ~~Parent Education Class~~/ Mediation Services

# RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served the within summons:

(1) By delivering on the _____ day of _____ 200____ a copy of the summons, petition, and any documents checked above to the within-named defendant/respondent

_____

(2) By leaving on the _____ day of _____ 200____ for the within named defendant/respondent _____ a copy of the summons, petition, and any documents checked above at the dwelling place or usual place of abode of said defendant/respondent with some person of his or her family over the age of 15 years;

(3) By_____ I hereby certify that on this date SEP 2 4 2007 _____, in St. Louis County, at 120 S. Central Ave., I served a copy of the within on the defendant named by delivering a copy to CT CORP. THE CORP. CO., the registered agent/resident defendant, by leaving copy with B. Love, E. King, Mashan,_____.

All done in _____

| Sheriff's fees: | | Jim Buckles | by: | |
|---|---|---|---|---|
| Summons | 20 | Sheriff, St. Louis County Sheriff of _____ | Deputy Sheriff _____ County, Missouri | |
| Non est | | | | |
| Mileage | 6 | | | |
| Total | 26 | By _____ Deputy Sheriff | | |

## CERTIFICATE OF MAILING

I certify that on the _____ day of _____ 200____, I mailed a copy of the summons, petition and any documents checked above to defendant/respondent by (registered) (certified) mail, requesting a return receipt signed by the addressee only, to the defendant/respondent at the address furnished by plaintiff(s)/petitioner(s).

**JOAN M. GILMER**, Circuit Clerk

Date _____

By _____
Deputy Clerk

## IMPORTANT NOTICE TO NON- MISSOURI SHERIFF
## A special return with instruction is attached for your use.

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

SALESBY, JOHN M

        PLAINTIFF

                VS

CHICAGO MERCANTILE EXCHANGE INC ETAL

        DEFENDANT

07CC-003600 W CV

CASE NUMBER

## S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:   DEFENDANT   (1)

        CHICAGO MERCANTILE EXCHANGE INC
        THE CORPORATION TRUST COMPANY — REG
        CORPORATION TRUST CENTER
        1209 ORANGE STREET
        WILMINGTON DE 19801

        YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.   IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION.

*******SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS*******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567

        DATE ISSUED: SEPTEMBER 19, 2007

        ATTORNEY:

        DAVID B COSGROVE
        12TH FLOOR
        7701 FORSYTH
        ST LOUIS MO 63105
        (314) 721-7701



JOAN M. GILMER, Circuit Clerk

By _____
    Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the
Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days
in advance of the court proceeding.**

WHITE - Sheriff's Return                    YELLOW - Service Copy                    PINK - Court File

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

SALEEBY, JOHN M

PLAINTIFF

VS

CHICAGO MERCANTILE EXCHANGE INC ETAL

DEFENDANT

07CC-003600 & CV

CASE NUMBER

## SUMMONS FOR SERVICE OUTSIDE THE STATE

THE STATE OF MISSOURI TO  DEFENDANT  (S)

CHICAGO MERCANTILE EXCHANGE HOLDING
THE CORPORATION TRUST COMPANY - REG
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON DE 19801

YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE.  IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION.

*****SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS*******
CIRCUIT CLERK'S OFFICE 314/615-8029; FAX 314/615-8739; TTY 314/615-4567

DATE ISSUED: SEPTEMBER 19, 2007

ATTORNEY:

DAVID B COSGROVE
12TH FLOOR
7701 FORSYTH
ST LOUIS MO 63105
(314) 721-7701



**JOAN M. GILMER**, Circuit Clerk

By _____
Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the
Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days
in advance of the court proceeding.**

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

GILLESBY, JOHN M

PLAINTIFF

VS

CHICAGO MERCANTILE EXCHANGE INC ETAL

DEFENDANT

07LC-003800 & CV

CASE NUMBER

## S U M M O N S   F O R   S E R V I C E   O U T S I D E   T H E   S T A T E

THE STATE OF MISSOURI TO:   DEFENDANT   (2)

COMPUTERSHARE INVESTOR SERVICES LLC
LEXISNEXIS DOCUMENT SOLUTIONS - REG
2711 CENTERVILLE RD
SUITE 400
WILMINGTON DE 19808

YOU ARE SUMMONED TO APPEAR BEFORE THIS COURT AND TO FILE YOUR PLEADING TO
THE PETITION, COPY OF WHICH IS ATTACHED, AND TO SERVE A COPY OF YOUR PLEADING
UPON THE ATTORNEY OR PARTY WHOSE NAME AND ADDRESS IS LISTED BELOW ALL WITHIN
30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU.  EXCLUSIVE OF THE DAY OF
SERVICE.  IF YOU FAIL TO FILE YOUR PLEADING, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION.

*****SPECIAL NEEDS PHONE NUMBERS CHANGE EFFECTIVE 9-13-99 AS FOLLOWS******
CIRCUIT CLERK'S OFFICE 314/615-8029, FAX 314/615-8739; TTY 314/615-4567

DATE ISSUED: SEPTEMBER 19, 2007

ATTORNEY:

DAVID B COSGROVE
12TH FLOOR
7701 FORSYTH
ST LOUIS MO 63105
(314) 721-7701



**JOAN M. GILMER,** Circuit Clerk

By _____
Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the
Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days
in advance of the court proceeding.**

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

GALLAGER, JOHN M                                          CAUSE NUMBER
      PLAINTIFF                                CASE NUMBER

       VS

CHICAGO MERCANTILE EXCHANGE INC ETAL
      DEFENDANT

## S U M M O N S

THE STATE OF MISSOURI TO:   DEFENDANT   (S)

    MELLON INVESTOR SERVICES INC
    CT CORPORATION SYSTEM - REG
    120 S CENTRAL AVENUE
    CLAYTON MO 63105

      YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE-NAMED COURT AND TO
FILE YOUR PLEADING TO THE PETITION, A COPY OF WHICH IS ATTACHED HERETO,
AND TO SERVE A COPY OF YOUR PLEADING UPON THE ATTORNEY OR PARTY WHOSE
NAME AND ADDRESS IS LISTED BELOW, ALL WITHIN 30 DAYS AFTER SERVICE OF
THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE.  IF YOU FAIL
TO DO SO, JUDGMENT OF DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF
DEMANDED IN THE PETITION

    DATE ISSUED: SEPTEMBER 19, 2007

    ATTORNEY:

    DAVID P COSGROVE
    12TH FLOOR
    7701 FORSYTH
    ST LOUIS MO 63105
    (314) 721-7701



**JOAN M. GILMER**, Circuit Clerk

By _____
    Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days in advance of the court proceeding.**

WHITE - Sheriff's Return/Court File        YELLOW - Service Copy        PINK - Court File

# In the
# CIRCUIT COURT
## of St. Louis County, Missouri



This Circuit Civil/Equity Cover Sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required by the Clerk of this Court for the purpose of initiating case processing. (See instructions below.)

Case Number: CC-003800

2007 SEP 18 PM 4:48

~~CIRCUIT CLERK~~

Division

For File Stamp Only

**20**

### Circuit Civil/Equity Cover Sheet

| 1. PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| John M. Sebeloy | Chicago Mercantile Exchange, Inc., et al |

| First Plaintiff's: | | First Defendant's: | |
|---|---|---|---|
| (b) Address | 7701 Forsyth Blvd. #12th Floor Clayton, Mo 63105 | (b) Address | |
| Telephone | (314) 721-7701 | Telephone | |
| (c) Attorney | ~~~~ David B. Cosgrove | (c) Attorney | |
| Bar # | | Bar # | |
| Firm | Capes, Sokol, Goodman & Sarachen PC | Firm | |
| Address | 7701 Forsyth Blvd. 12th Floor Clayton MO 63105 | Address | |
| Telephone | (314) 721-0554 | Telephone | |
| Fax # | (314) 721-0554 | Fax # | |

## 2. NATURE OF ACTION CODE (PLACE AN "X" IN ONLY ONE BOX)

**CIVIL**
- ☐ 10100 PERSONAL INJURY VEHICULAR
- ☐ 10200 PERSONAL INJURY PRODUCT LIA.
- ☐ 10300 PERSONAL INJURY MALPRACTICE
- ☐ 10400 PERSONAL INJURY OTHER
- ☐ 11000 PROPERTY DAMAGE
- ☐ 11100 WRONGFUL DEATH
- ☐ 11900 TORT – OTHER
- ☐ 11910 INTENTIONAL TORT
- ☐ 20100 SUIT ON CONTRACT
- ☐ 20101 AGREEMENT
- ☐ 20105 ACCOUNT
- ☐ 20110 NOTE

- ☐ 40100 SUIT- ENFORCE MECHANIC'S LIEN
- ☐ 40200 EMINENT DOMAIN – STATE
- ☐ 40210 EMINENT DOMAIN – COUNTY
- ☐ 40220 EMINENT DOMAIN – OTHER
- ☐ 40230 EXCEPTION
- ☐ 70100 REG. OF FOREIGN JUDGMENT–CV
- ☐ 70200 TAX ACTION
- ☐ 70400 SMALL CLAIMS TRIAL DE NOVO
- ☐ 70500 POST-CONV RELIEF–RULE 24.035
- ☐ 70505 POST-CONV RELIEF–RULE 29.15
- ☐ 71900 MISC – CV
- ☐ 71920 REPLEVIN
- ☐ 71925 WILL CONTEST
- ☐ 71935 PRO FORMA DECREE
- ☐ 71971 TRIAL DE NOVO FROM ASSOC DIV
- ☐ 71999 MISC CV-SUBPOENA/FOREIGN JUR

**EQUITY**
- ☐ 31900 OTHER ADMINISTRATIVE REVIEW
- ☐ 41900 OTHER REAL ESTATE
- ☐ 41910 FORECLOSURE
- ☐ 41920 QUIET TITLE
- ☐ 41930 EJECTMENT
- ☐ 41940 PARTITION
- ☐ 50100 HABEAS CORPUS
- ☐ 50120 MANDAMUS
- ☐ 50200 INJUNCTION
- ☐ 50210 TEMPORARY RESTRAINING ORDER

- ☐ 50300 DECLARATORY JUDGMENT
- ☐ 51900 OTHER EXTRAORDINARY REMEDY
- ☐ 51910 PROHIBITION
- ☐ 70500 EXPUNGEMENT- ARREST RECORD
- ☐ 71910 FORFEITURE
- ☐ 71915 INTERNAL AFFAIRS OF TRUST (PROBATE - DIV)
- ☐ 71930 SPECIFIC PERFORMANCE
- ☐ 71940 MISC – EQ
- ☐ 71950 WRIT OF CERTIORARI
- ☐ 71977 MISC EQ-STUDENT TRIAL DE NOVO

Signature of Person Filing: David B. Cosgrove /5-0

## Instructions for Completing Circuit Civil/Equity Cover Sheet

As part of our reporting requirements to the Missouri Supreme Court and the Office of the State Courts Administrator you are required to complete and submit this Circuit Civil/Equity Cover Sheet at the time you file your cause of action. Your cause of action will not be accepted and/or processed unless it is accompanied by this Circuit Civil/Equity Cover Sheet at the time of filing. The person, or attorney, filing the cause of action should complete the form as follows:

1. Plaintiff(s)/Defendant(s): Enter the names (last, first, middle initial) of plaintiff(s) and defendant(s). If the plaintiff or defendant is a:
   - Corporation – Include the name of the registered agent or corporate officer.
   - Government Agency – Use only the full name or standard abbreviations.
   - Government Official – Identify the Agency and then the official, giving both title and name.
   If all the parties' names cannot fit on this form, list them on an attachment, noting in this section "see attachment."
   (b) Address   Enter the address, telephone number, of the first plaintiff and defendant, include zip code.
   (c) Attorneys   Enter the firm name, address, zip code, telephone & fax number, and bar number(s) of the attorney(s) of record. If there are several attorneys, list them on an attachment, noting in this section "see attachment."

2. Nature of Action. Place an "X" in the one appropriate box which corresponds to the type of action you are filing.

3. NOTE: If there are multiple counts in the petition that are considered both Civil and Equity, it is the responsibility of the filing party to choose the one appropriate nature of action. The assignment of the case is subject to review by the Presiding Judge. Based on a review, the case may be reassigned.

CCCDT222   02/05

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

JOHN M. SALEEBY,               )
                               )
                Plaintiff,     )      Cause No.
                               )
v.                             )
                               )      Division No.
CHICAGO MERCANTILE             )
EXCHANGE, INC.,                )
                               )
Serve:   Registered Agent      )
         The Corporation Trust Company )
         Corporation Trust Center )
         1209 Orange Street     )
         Wilmington, DE 19801   )
                               )
CHICAGO MERCANTILE             )
EXCHANGE HOLDINGS, INC.,       )
                               )
Serve:   Registered Agent      )
         The Corporation Trust Company )
         Corporation Trust Center )
         1209 Orange Street     )
         Wilmington, DE 19801   )
                               )
COMPUTERSHARE INVESTOR         )
SERVICES, LLC                  )
                               )
Serve:   Registered Agent      )
         LexisNexis Document Solutions, Inc. )
         2711 Centerville Rd., Suite 400 )
         Wilmington, DE 19808   )
and                            )
                               )
MELLON INVESTOR SERVICES, LLC  )
                               )
Serve:   Registered Agent      )
         CT Corporation System )
         120 S. Central Avenue )
         Clayton, MO 63105      )
                               )
                Defendants.    )

**20**

07CC-003800

2007 SEP 10 PM 1:47

## PETITION FOR DAMAGES FOR CONVERSION, NEGLIGENT MISREPRESENTATION, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE AND CONSPIRACY

COMES NOW Plaintiff, John M. Saleeby, by and through counsel, and for his causes of action against Defendants, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff John M. Saleeby (hereinafter referred to as "John" or "Plaintiff") is a resident of St. Louis County, Missouri.

2.      Defendant Chicago Mercantile Exchange, Inc. (hereinafter "CME") is a Delaware corporation with its principal place of business and headquarters located at 20 South Wacker Drive, Chicago, Illinois 60606.

3.      Defendant Chicago Mercantile Exchange Holdings, Inc. (hereinafter "CME Holdings") is a Delaware corporation with its principal place of business and headquarters located at 30 South Wacker Drive, Chicago, Illinois 60606.  CME Holdings provides a marketplace for agricultural commodities and interest rate, stock index, single-stock, and foreign exchange futures.

4.      Defendant Computershare Investor Services, LLC (hereinafter "Computershare") is a Delaware limited liability company.  Computershare has a branch office located at 2 North LaSalle Street, Chicago, Illinois 60602.

5.      Defendant Mellon Investor Services, LLC (hereinafter "Mellon") is a New Jersey limited liability company.  Mellon has a branch office located at One Memorial Drive, Suite 900, St. Louis, Missouri 63102.

6.      Defendants CME, CME Holdings, and Computershare are at times hereinafter collectively referred to as "Defendants."

2

7.    Upon information and belief CME Holdings was and is at all times relevant hereto the parent company of CME.

8.    At all times relevant hereto Defendants Mellon and Computershare acted and served as the transfer agent for CME Holdings' stock.

9.    Defendant Mellon acted as the transfer agent in relation to Plaintiff's purchase of CME Holdings' stock and as rights agent in relation to Plaintiff's holding and retention of his shares of CME Holdings' stock.

10.    Thereafter, Defendant Computershare acted as the transfer agent in relation to Plaintiff's holding and retention of his shares of CME Holdings' stock and his subsequent sale and transfer thereof.

11.    Upon information and belief, at all times relevant hereto Defendant Computershare acted in concert with Defendants CME and CME Holdings.

12.    This Court has subject matter jurisdiction over the claims set forth in this Petition pursuant to MO. CONST. Art. 5, Section 14, and Mo. Rev. Stat. § 478.070.

13.    Venue in this Court is proper pursuant to Mo. Rev. Stat. § 508.010.4.

14.    At all times relevant hereto Defendant CME engaged in the transaction of business within the State of Missouri by, *inter alia,* participating in, facilitating and acting as a sales agent and/or intermediary, overseeing and approving a contract between Plaintiff and a third party, upon information and belief that third party being Gregory W. Baird ("Baird"), for the sale of a single Class B3 share of CME stock by Baird to Plaintiff. Said contract between Plaintiff and Baird was made within the State of Missouri.

15.    Defendant CME is subject to the jurisdiction of this Court because it transacts business within Missouri; because CME has entered into contracts within

3

Missouri; because CME owns or owned computer software, computer hardware and data transmission lines within Missouri, and this action arises out of CME's actions in transacting business, entering into contracts, and the commission of a tortious act in Missouri. CME has sufficient contacts with the state of Missouri such that it would not be unfair or unreasonable, and it would comport with notions of substantial justice and fair play, for CME to expect to have to defend itself in a Court sitting in Missouri.

16.     At all times relevant hereto Defendant CME Holdings engaged in the transaction of business within the State of Missouri by, *inter alia*, renting and/or reselling high speed internet connections for use in association with its Globex electronic trading platform, providing software for its Globex electronic trading platform within the state, "pushing" software updates for its Globex electronic trading platform to computers located within the state, and facilitating and acting as a sales agent and/or intermediary between CME Holdings Shareholders in Missouri and third parties with respect to the sale of CME Holdings stock. Defendant CME sent its agent/representative to Plaintiff's residence within the State of Missouri to set up and maintain the hardware and software necessary to utilize the Globex electronic trading platform.

17.     Defendant CME Holdings is subject to the jurisdiction of this Court because CME Holdings transacts business within Missouri; because CME Holdings has entered into contracts within Missouri; and this action arises out of CME Holdings' actions in transacting business, entering into contracts, and the commission of a tortious act in Missouri. CME Holdings has sufficient contacts with the state of Missouri such that it would not be unfair or unreasonable, and it would comport with notions of substantial justice and fair play, for CME Holdings to expect to have to defend itself in a

4

Court sitting in Missouri.

18.    At all times relevant hereto Defendant Computershare engaged in the transaction of business within the State of Missouri by, *inter alia*, acting as the transfer agent for businesses and shareholders located within the state of Missouri.

19.    Upon information and belief Defendant Computershare does business nationwide and acts or has acted as transfer agent in all fifty (50) states for in excess of one thousand (1,000) different corporations. Defendant Computershare is subject to the jurisdiction of this Court because Computershare transacts business within Missouri; because Computershare has entered into contracts within Missouri; and because Computershare committed a tortious act in Missouri, and this action arises out of Computershare's actions in transacting business, entering into contracts, and commission of a tortious act in Missouri. Defendant Computershare has sufficient contacts with the state of Missouri such that it would not be unfair or unreasonable, and it would comport with notions of substantial justice and fair play, for Defendant Computershare to expect to have to defend itself in a Court sitting in Missouri.

20.    At all times relevant hereto Defendant Mellon engaged in the transaction of business within the State of Missouri by, *inter alia*, acting as the transfer agent and rights agent for businesses and shareholders located within the state of Missouri.

21.    Upon information and belief Defendant Mellon is one of the world's largest shareholders services companies with more than one thousand seven hundred (1,7000) corporate clients and twenty four million (24,000,000) shareholder accounts globally. Defendant Mellon is subject to the jurisdiction of this Court because it transacts business within Missouri; because Mellon has entered into contracts within Missouri;

and because Mellon committed a tortious act in Missouri, and this action arises out of Mellon's actions in transacting business, entering into contracts, and commission of a tortious act in Missouri. Defendant Mellon has sufficient contacts with the state of Missouri such that it would not be unfair or unreasonable, and it would comport with notions of substantial justice and fair play, for Defendant Mellon to expect to have to defend itself in a Court sitting in Missouri.

22.     On or about October 8, 2001 CME facilitated, oversaw and approved Plaintiff purchase of a single Class B3 share of CME stock by virtue of a contract between Plaintiff and Gregory W. Baird.

23.     Thereafter, on or about December 3, 2001, CME reorganized into a holding company structure whereby CME became a wholly owned subsidiary of CME Holdings.

24.     In association with the December 2001 reorganization, the Plaintiff's Class B3 share of CME was exchanged for certain shares of CME Holdings on or about December 3, 2001 as follows:

| # of Shares | Class of Shares | Cusip # |
|:---:|:---:|:---:|
| 300 | A-1 Common | 167760206 |
| 300 | A-2 Common | 167760305 |
| 300 | A-3 Common | 167760404 |
| 299 | A-4 Common | 167760503 |
| 1 | B-2 Common | 167760701 |

As a result, as of December 3, 2001 the Plaintiff possessed a total of 1,200

6

shares of CME Holdings stock (hereinafter referred to as the "CME Holdings Stock").

25.    From the period from December 3, 2001 until in or about May of 2006 Plaintiff held the CME Holdings Stock as its value appreciated. In doing so, the Plaintiff concurrently assumed the risk that the value of the CME Holdings Stock might decline.

26.    From the period from in or about March 2003 until in or about May of 2006 Defendant Computershare, as an agent of CME Holdings, sent to Plaintiff monthly account statements and other documents that represented to Plaintiff that he possessed a total of 1,200 shares of CME Holdings Stock.

27.    From the period from December 3, 2001 until in or about May of 2006 Plaintiff believed that the value of his 1,200 shares of CME Holdings Stock was appreciating in value. Each day Plaintiff evaluated his CME Holdings Stock for investment purposes, held the stock through stock value fluctuations and determined to hold the stock for stock appreciation. As a result Plaintiff continued to hold and retain the CME Holdings Stock and did not avail himself to other investment opportunities. During this period Plaintiff's CME Holdings Stock comprised a significant portion of the Plaintiff's personal assets.

28.    On or about June 8, 2006 Defendants CME Holdings and Computershare, acting in concert, froze the Plaintiff's account, thereby denying the Plaintiff access to his CME Holdings Stock and the accompanying rights, benefits, entitlements and emoluments associated therewith.

29.    On or about July 3, 2006 Defendants CME Holdings and Computershare, acting in concert, transferred six hundred and one (601) shares of Plaintiff's CME Holdings Stock out of Plaintiff's account and thereby deprived Plaintiff of possession of

7

said six hundred and one (601) shares of CME Holdings Stock.[1]

30.    Between June 8, 2006 and July 3, 2006 Plaintiff informed Defendants CME, CME Holdings and Computershare of Plaintiff's belief that he owned all of the shares of CME Holdings Stock shown upon his account statements as being owned by him, that he would suffer injury if any of such shares were removed or transferred from his account, and informed said Defendants of the unlawful nature of their contemplated conduct – the removal of shares from Plaintiff's account.

## COUNT I
## Conversion
(Defendants CME, CME Holdings and Computershare)

31.    Plaintiff adopts and incorporates by reference herein all of the allegations contained in paragraphs 1 through 30 inclusive.

32.    Defendants CME, CME Holdings and Computershare at no time, including at the time of transfer alleged in paragraph 29, held any title to or other right to possession of the six hundred and one (601) shares of CME Holdings Stock transferred.

33.    Defendants have, by their actions as alleged herein, assumed the right of ownership over the Plaintiff's interest in the six hundred and one (601) shares of CME Holdings Stock without the express or implied consent of the Plaintiff to do so.

34.    Plaintiff has made demand upon the Defendants for the return of the CME Holdings Stock.

35.    Defendants have refused to return the CME Holdings Stock in spite of said demand.

36.    As a direct and proximate result of Defendants' conversion of Plaintiff's

[1] In fact, prior to July 3, 2006 Defendants CME, CME Holdings and Computershare removed all of Plaintiff's shares of CME Holdings Stock from Plaintiff's account and returned them within twenty four (24) hours upon Plaintiff's complaint.

interest in CME Holdings Stock the Plaintiff has been damaged in an amount which is currently not ascertainable by the Plaintiff.

37.    Defendants' acts, in converting the CME Holdings Stock, were intentional and Defendants' conduct was based upon the Defendants' evil motive and/or reckless indifference to the rights of Plaintiff, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount that is fair and reasonable to compensate Plaintiff for his damages incurred as a result of Defendants' conversion as found after consideration of the relevant facts and evidence, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), pre-judgment and post-judgment interest thereon as allowed by law, punitive damages in a fair and reasonable amount and sufficient to punish the Defendants for their outrageous conduct and to deter Defendants and others similarly situated from like conduct, Plaintiff's costs and expenses incurred herein, including his court costs and attorney's fees, and such other and further relief as the court deems just and proper in the premises.

## COUNT II
### Negligent Misrepresentation
(Defendants CME, CME Holdings, Computershare and Mellon)

38.    Plaintiff adopts and incorporates by reference in this count as though fully set forth the allegations of paragraphs 1 through 37 hereinabove.

39.    At all times relevant hereto Defendants, in the course of their business and/or because of their pecuniary interest in transactions relating to the sale of CME Holdings stock, represented to the Plaintiff that he possessed a total of 1,200 shares of CME Holdings Stock.

40.    Because of Defendants' failure to exercise reasonable care or

9

competence, the information provided by Defendants was false or omitted material matters which should have been disclosed.

41.    The information provided to Plaintiff was intentionally provided by Defendants to Plaintiff for his guidance in relation to his possession, holding and/or potential sale of the CME Holdings Stock.

42.    The Plaintiff justifiably relied upon the information provided to him by the Defendants.

43.    As a direct and proximate result of Defendants' negligent misrepresentations or omissions the Plaintiff has been damaged.

44.    That the actions of Defendants were outrageous because of their evil motive and/or reckless indifference to the rights of others, entitling the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount which is fair and reasonable for such injuries and losses Plaintiff has sustained and will sustain in the future, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), together with pre-judgment and post-judgment interest thereon, for Defendant's costs, for punitive damages in an amount sufficient to punish Defendants and to deter others similarly situated from like conduct in the future, and for such other and further relief as the Court deems just and proper in the premises.

**COUNT III**
**Negligence**
(Defendants Computershare and Mellon)

45.    Plaintiff adopts and incorporates by reference in this count as though fully

10

set forth the allegations of paragraphs 1 through 44 hereinabove.

46.    Defendants Computershare and Mellon, as transfer agents and/or rights agents for Plaintiff's CME Holdings' stock, owed a duty to Plaintiff to exercise due care in carrying out the functions of those positions, including reporting to Plaintiff the nature and amount of his stock holdings in CME and CME Holdings.

47.    Defendants Computershare and Mellon breached their duty by failing to accurately track, register and report to Plaintiff the nature and amount of his stock holdings in CME and CME Holdings.

48.    Defendants Computershare and Mellon respective failures to comply with the applicable standard of care caused Plaintiff to suffer substantial losses and damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount which is fair and reasonable for such injuries and losses Plaintiff has sustained and will sustain in the future, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), together with pre-judgment and post-judgment interest thereon, for Defendant's costs, for punitive damages in an amount sufficient to punish Defendants and to deter others similarly situated from like conduct in the future, and for such other and further relief as the Court deems just and proper in the premises.

**COUNT IV**
**Negligent Infliction Of Emotional Distress**
(Defendants CME, CME Holdings, Computershare and Mellon)

49.    Plaintiff adopts and incorporates by reference herein all of the allegations contained in paragraphs 1 through 48 inclusive.

11

50.    Defendants knew or should have known that their conduct, in negligently misrepresenting to the Plaintiff the number of CME Holdings Stock shares which he was entitled to receive in December 2001, and possessed without dispute thereafter, involved an unreasonable risk of causing Plaintiff to suffer both financial and emotional distress.

51.    As a direct and proximate result of Defendants' negligence Plaintiff was caused to suffer physical injury and emotional distress.

WHEREFORE, Plaintiff prays for a judgment in Plaintiff's favor and against Defendants, both jointly and severally, in an amount that is fair and reasonable to compensate the Plaintiff for the damages incurred by him as a result of the negligence of Defendants, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), together with pre-judgment and post-judgment interest thereon, for Defendant's costs, for punitive damages in an amount sufficient to punish Defendants and to deter others similarly situated from like conduct in the future, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT V
### Civil Conspiracy
(Defendants CME, CME Holdings, and Computershare)

52.    Plaintiff adopts and incorporates by reference in this count as though fully set forth the allegations of paragraphs 1 through 51 hereinabove.

53.    Defendants conspired to convert Plaintiff's property, to wit: six hundred and one (601) shares of Plaintiff's CME Holdings Stock.

54.    Defendants had a meeting of the minds to convert Plaintiff's property.

55.    As a direct and proximate result of Defendants' actions as described

12126351999

11-Oct-2007  11:10am    From-Bank of NY. Legal Dept.  7th. Fl    1 212 835 1999    T-034  P.016/018  F-917

herein, Plaintiff has been damaged.

56.     Defendants' conduct, as aforesaid, is outrageous because of their evil motive and/or reckless indifference to the rights of others, and Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter them and others similarly situated from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount which is fair and reasonable for the injuries and losses the Plaintiff has sustained and will sustain in the future, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), including pre-judgment and post-judgment interest at the rate allowed by law, punitive damages in an amount sufficient to punish Defendants and deter others similarly situated from like conduct, for Plaintiff's costs and attorney's fees, and such other and further relief as the Court deems just and proper in the premises.

CAPES, SOKOL, GOODMAN &
SARACHAN, P.C.

By:
David B. Cosgrove     MBE 40980
Attorney for Plaintiff
7701 Forsyth Blvd., 12th Floor
St. Louis, Missouri 63105
314-721-7701
314-721-0554 (fax)
Cosgrove@Capessokol.com

13

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OCT-12-2007  18:02

P.10

**CT CORPORATION**
A Wolterskluwer Company

**Service of Process Transmittal**
10/12/2007
CT Log Number 512679021

**TO:**   Kathleen Cronin
Chicago Mercantile Exchange Inc.
20 South Wacker Drive, Office of the Secretary
Chicago, IL 60606

**RE:**   Process Served in Delaware

**FOR:**   Chicago Mercantile Exchange Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John M. Salesby, Pltf. vs. Chicago Mercantile Exchange Inc., et al, Dfts.<br>Name discrepancy noted |
| **DOCUMENT(S) SERVED:** | Summons, Petition |
| **COURT/AGENCY:** | St. Louis City Circuit Court, MO<br>Case # 07OC-003080 |
| **NATURE OF ACTION:** | Removal of shares from plaintiff's account |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/11/2007 at 13:45 |
| **APPEARANCE OR ANSWER DUE:** | Within days, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | David B. Cosgrove<br>Capes, Sokol, Goodman & Saracham, P.C.<br>7701 Forsyth Blvd., 12th Floor<br>St. Louis, MO 63105<br>314-721-7701 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 7904 0510474 |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street<br>Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**CORPORATION SERVICE COMPANY®**

DXO / ALL
Transmittal Number: 5386216
Date Processed: 10/12/2007

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Blanche Hurt<br>Computershare Investor Services, LLC<br>2 North Lasalle Street<br>Mezzanine Level<br>Chicago, IL 60602 |

| | |
|---|---|
| **Entity:** | Computershare Investor Services, LLC<br>Entity ID Number 2217212 |
| **Entity Served:** | Computershare Investor Services LLC |
| **Title of Action:** | John M. Saleeby vs. Chicago Mercantile Exchange Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court:** | St. Louis County Circuit Court, Missouri |
| **Case Number:** | 07CC-003800 K CV |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 10/11/2007 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | David B. Cosgrove<br>314-721-7701 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**CT** CORPORATION
A Wolters Kluwer Company

**Service of Process
Transmittal**
09/24/2007
CT Log Number 512616636

[barcode]

**TO:**  Eva Salo
Mellon Investor Services, LLC
480 Washington Boulevard
Jersey City, NJ 07310

**RE:**  **Process Served in Missouri**

**FOR:**  Mellon Investor Services, LLC (Domestic State: NJ)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John M. Saleeby, Ptf. vs. Chicago Mercantile Exchange, Inc., et al. Mellon Investor Services, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return Form, Petition, Notice |
| **COURT/AGENCY:** | St. Louis County Circuit Court, MO<br>Case # 07CC003600 |
| **NATURE OF ACTION:** | Punitive damages as a result of false or omitted material matters - Seeking in excess of $25,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/24/2007 at 09:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of date of service |
| **ATTORNEY(S) / SENDER(S):** | David B Cosgrove<br>Capes, Sokol, Goodman & Sarachan, P.C.<br>7701 Forsyth<br>12th Floor<br>St. Louis, MO 63105<br>314-721-7701 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/24/2007, Expected Purge Date: 09/29/2007<br>Image SOP - Page(s): 16<br>Email Notification, Eva Salo salo.e@mellon.com<br>Email Notification, Stephen Dolmatch dolmatch.s@mellon.com<br>Email Notification, William Harris harris.wa@mellon.com<br>Email Notification, Robert Fromberg fromberg.r@mellon.com<br>Email Notification, Donna Amabile amabile.d@mellon.com<br>Email Notification, Susan Iacobucci iacobucci.s@mellon.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Jennifer Spangler |
| **ADDRESS:** | 120 South Central Avenue<br>Suite 400<br>Clayton, MO 63105 |
| **TELEPHONE:** | 314-863-5545 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

# COMPUTERSHARE INVESTOR SERVICES LLC /TA

## FORM TA-1/A
### (Amended Transfer Agent Registration)

## Filed 05/31/07

| | |
|---|---|
| **Address** | 2 N LASALLE ST |
| | CHICAGO, IL 60602 |
| **Telephone** | 312- 588-4993 |
| **CIK** | 0001108200 |

http://www.edgar-online.com

© Copyright 2007, EDGAR Online, Inc. All Rights Reserved.

Distribution and use of this document restricted under EDGAR Online, Inc. Terms of Use.



UNITED STATES
SECURITIES AND EXCHANGE
COMMISSION
Washington, D.C. 20549
FORM TA-1

| OMB Approval |
| --- |
| OMB Number: 3235-0084 |
| Expires: June 30, 2009 |
| Estimated average burden |
| hours per response ..... 2.00 |

UNIFORM FORM FOR REGISTRATION AS A TRANSFER AGENT AND FOR AMENDMENT
TO REGISTRATION PURSUANT TO SECTION 17A OF THE
SECURITIES EXCHANGE ACT OF 1934

GENERAL: Form TA-1 is to be used to register or amend registration as a transfer agent
with the Comptroller of the Currency, the Board of Governors of the Federal
Reserve System, the Federal Deposit Insurance Corporation or the
Securities and Exchange Commission pursuant to Section 17A of the
Securities Exchange Act of 1934.
Read all instructions before completing this form. Please print or type all
responses.

Form Version 1.0.0

1(a). Filer CIK:
0001108200

1(c). Live/Test Filing? ☒  Live ☐  Test
1(e). Is this filing an amendment to a previous filing? ☒  Yes

1(e)(i). File Number: 084-05849

2. Appropriate regulatory agency (check one) :
☒  Securities and Exchange Commission
☐  Board of Governors of the Federal Reserve System
☐  Federal Deposit Insurance Corporation
☐  Comptroller of the Currency

3(a). Full Name of Registrant:
Computershare Investor Services, LLC.
3(a)(i). Previous name, if being amended:

3(b). Financial Industry Number   012633
Standard (FINS) number:

3(c). Address of principal office where transfer agent activities are, or will be, performed:
3(c)(i). Address 1
2 North La Salle Street
3(c)(II). Address 2

3(c)(iii). City
Chicago
3(c)(iv). State or Country
IL
ILLINOIS
3(c)(v). Postal Code
60602
3(d). Is Mailing address different from response to Question 3c?       Yes No
If "yes," provide address(es):                                          ☐  ☒

3(e). Telephone Number
(Include Area Code)
312-588-4993

4. Does registrant conduct, or will it conduct, transfer agent activities at any    Yes No
location other than that given in question 3c above?                               ☐  ☒
If "yes," provide address(es):
5. Does registrant act, or will it act, as a transfer agent solely for its own      Yes No
securities and/or securities of an affiliate(s)?

6. Has registrant, as a named transfer agent, engaged, or will it engage, a         Yes No
service company to perform any transfer agent functions?                           ☒  ☐

If "yes," provide the name(s) and address(es) of all service companies engaged, or that will be engaged, by the registrant
to perform its transfer agent functions:
6(a). Name:
Computershare Inc.
6(b). File Number: 084-05925
6(c)(i). Address 1
250 Royall Street
6(c)(II). Address 2

6(c)(iii). City
Canton
6(c)(iv). State or Country
MA
6(c)(v). Postal Code
02021-1011

7. Has registrant been engaged, or will it be engaged, as a service company         Yes No
by a named transfer agent to perform transfer agent functions?                     ☐  ☒

Completion of Question 8 on this form is required by all independent, non-issuer registrants whose appropriate
regulatory authority is the Securities and Exchange Commission. Those registrants who are not required to
complete Question 8 should select "Not Applicable".

8. Is registrant a: Corporation
Section for Initial Registration and for Amendments Reporting Additional Persons.
8(a)(i). Full Name                  Steven A. Rothbloom
8(a) (ii). Relationship Start       2000-07-01
Date
8(a) (iii). Title or Status         President
8(a) (iv). Ownership Code           NA - 0 to 5%
8(a) (v). Control Person            ☒

8(a) (vi). Relationship End Date

| | |
|---|---|
| 8(a)(i). Full Name | Computershare (US) |
| 8(a) (ii). Relationship Start Date | 2005-06-27 |
| 8(a) (iii). Title or Status | Indirect Owner |
| 8(a) (iv). Ownership Code | E - 75% up to 100% |
| 8(a) (v). Control Person | ⊠ |
| 8(a) (vi). Relationship End Date | |

| | |
|---|---|
| 8(a)(i). Full Name | Computershare Limited |
| 8(a) (ii). Relationship Start Date | 2005-06-27 |
| 8(a) (iii). Title or Status | Indirect Owner |
| 8(a) (iv). Ownership Code | E - 75% up to 100% |
| 8(a) (v). Control Person | ⊠ |
| 8(a) (vi). Relationship End Date | |

| | |
|---|---|
| 8(a)(i). Full Name | Blanche Hurt |
| 8(a) (ii). Relationship Start Date | 2001-02-01 |
| 8(a) (iii). Title or Status | Chief Compliance Officer |
| 8(a) (iv). Ownership Code | NA - 0 to 5% |
| 8(a) (v). Control Person | ⊠ |
| 8(a) (vi). Relationship End Date | |

| | |
|---|---|
| 8(a)(i). Full Name | Sharon Tulloch |
| 8(a) (ii). Relationship Start Date | 2000-10-02 |
| 8(a) (iii). Title or Status | Chief Financial Officer |
| 8(a) (iv). Ownership Code | NA - 0 to 5% |
| 8(a) (v). Control Person | ⊠ |
| 8(a) (vi). Relationship End Date | |

| | |
|---|---|
| 8(a)(i). Full Name | Micheal H. Dolcey |
| 8(a) (ii). Relationship Start Date | 2004-11-01 |
| 8(a) (iii). Title or Status | President of US Equity Services |
| 8(a) (iv). Ownership Code | NA - 0 to 5% |
| 8(a) (v). Control Person | ⊠ |
| 8(a) (vi). Relationship End Date | |

---

**9. Does any person or entity not named in the answer to Question 8:**

9(a). directly or indirectly, through agreement or otherwise exercise or have the power to exercise control over the management or policies of applicant; or . . . .    Yes No ☐ ☒

9(b). wholly or partially finance the business of applicant, directly or indirectly, in any manner other than by a public offering of securities made pursuant to the Securities Act of 1933 or by credit extended in the ordinary course of business by suppliers, banks and others ? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Yes No ☐ ☒

**10. Applicant and Control Affiliate Disciplinary History**
The following definitions apply for purposes of answering this Question 10

| | |
|---|---|
| Control affiliate | - An individual or firm that directly or indirectly controls, is under common control with, or is controlled by applicant. Included are any employees identified in 8(a), 8(b), 8(c) of this form as exercising control. Excluded are any employees who perform solely clerical, administrative support of similar functions, or who, regardless of title, perform no executive duties or have no senior policy making authority. |
| Investment or investment related | - Pertaining to securities, commodities, banking, insurance, or real estate (including, but not limited to, acting as or being associated with a broker-dealer, investment company, investment adviser, futures sponsor, bank, or savings and loan association). |
| Involved | - Doing an act of aiding, abetting, counseling, commanding, inducing, conspiring with or failing reasonably to supervise another in doing an act. |

10(a). In the past ten years has the applicant or a control affiliate been convicted of or plead guilty or nolo contendre ("no contest") to:

10(a)(1). a felony or misdemeanor involving: investments or an investment-related business, fraud, false statements or omissions, wrongful taking of property, or bribery, forgery, counterfeiting or extortion? . . . . . . . . . . . . .    Yes No ☐ ☒

10(a)(2). any other felony? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Yes No ☐ ☒

10(b). Has any court in the past ten years:

10(b)(1). enjoined the applicant or a control affiliate in connection with any investment-related activity? . . . . . . . . . . . . . . . . . . . . . . . . . . . .    Yes No ☐ ☒

10(b)(2). found that the applicant or a control affiliate was involved in a violation of investment-related statutes or regulations? . . . . . .    Yes No ☐ ☒

10(c). Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever:

10(c)(1). found the applicant or a control affiliate to have made a false statement or omission? . . . . . . . . . . . . . . . . . . . . . . . . . .    Yes No ☐ ☒

10(c)(2). found the applicant or a control affiliate to have been involved in a violation of its regulations or statutes? . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Yes ☒ No ☐

10(c)(2) (i). The individuals named in the Action
Computershare Trust Company of Canada, Inc.

| 10(c)(2) (ii). Title of Action | 10(c)(2) (iii). Date of |
| In the Matter of Computershare Trust Company of Canada Inc. | Action |
| | 2006-04-18 |

10(c)(2) (iv). The Court or body taking the Action and its location
U.S. Securities and Exchange Commission

10(c)(2) (v). Description of the Action
Without admitting or denying the findings, on April 18, 2006 Computershare Trust Company of Canada, Inc. ("CTCC"), agreed to settle an administrative action by the SEC in which it was ordered to cease-and-desist from violation of Sections 15(b) and 17A(c) of the Securities Exchange Act of 1934. See, In the Matter of Computershare Trust Company of Canada Inc., Administrative Proceeding 3-12255, Securities Exchange Act Release No. 53668 (April 18, 2006). The proceedings related to CTCC's failure to register with the SEC as a U.S. transfer agent and a U.S. broker-dealer. As part of the settlement, CTCC was ordered to disgorge profits, including prejudgment interest, of $601,868.71 attributable to certain of its services associated with the U.S. during the period from June 2000 to April 2004 when it became registered as a U.S. Transfer Agent, as well as a fine in the amount of $500,000. At the same time, the SEC issued a conditional exemption to permit CTCC and its affiliate, Computershare Investor Services, LLC, to continue to provide plan services to U.S. residents without registering as a U.S. broker-dealer in accordance with Section 15(b), Exchange Act Release No. 53667 (April 18, 2006).

10(c)(2) (vi). The disposition of the proceeding
See Above.

10(c)(3). found the applicant or a control affiliate to have been a cause of an investment-related business having its authorization to do business denied, suspended, revoked or restricted? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(c)(4). entered an order denying, suspending or revoking the applicant's or a control affiliate's registration or otherwise disciplined it by restricting its activities? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(d). Has any other Federal regulatory agency or any state regulatory agency:
10(d)(1). ever found the applicant or a control affiliate to have made a false statement or omission or to have been dishonest, unfair, or unethical? . . . . . .  Yes ☐ No ☒

10(d)(2). ever found the applicant or a control affiliate to have been involved in a violation of investment-related regulations or statutes? . . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(d)(3). ever found the applicant or a control affiliate to have been a cause of an investment-related business having its authorization to do business denied, suspended, revoked, or restricted? . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(d)(4). in the past ten years entered an order against the applicant or a control affiliate in connection with investment-related activity? . . . . . . . . . .  Yes ☐ No ☒

10(d)(5). ever denied, suspended, or revoked the applicant's or a control affiliate's registration or license, or prevented it from associating with an investment-related business, or otherwise disciplined it by restricting its activities? . . . . . .  Yes ☐ No ☒

10(d)(6). ever revoked or suspended the applicant's or a control affiliate's license as an attorney or accountant? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(e). Has any self-regulatory organization or commodities exchange ever:
10(e)(1). found the applicant or a control affiliate to have made a false statement or omission? . . . . . . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(e)(2). found the applicant or a control affiliate to have been involved in a violation of its rules? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Yes ☒ No ☐

10(e)(2) (i). The individuals named in the Action
Computershare Securities Corporation

| 10(e)(2) (ii). Title of Action | 10(e)(2) (iii). Date of |
| Letter of Acceptance, Waiver, and Consent (AWC) | Action |
| | 2006-02-13 |

10(e)(2) (iv). The Court or body taking the Action and its location
National Association of Securities Dealers Regulation, Inc.

10(e)(2) (v). Description of the Action
Computershare Securities Corporation (CRD #107925, Chicago, Illinois) submitted a Letter of Acceptance, Waiver and Consent in which the firm was censured and fined $60,000. Without admitting or denying the findings, the firm consented to the described sanctions and to the entry of findings that it secured securities transactions while failing to maintain its minimum required net capital. The findings stated that the firm failed to comply with SEC Rule 17a-3 (a) in that it prepared inaccurate trial balances and net capital computations for numerous months. The findings also stated that the firm failed to comply with SEC Rule 17a-5 in that it filed inaccurate NASD Financial Operations Combined Uniform Single (FOCUS) Part IIA Reports for several months. (NASD Case #SA12005005301)

10(e)(2) (vi). The disposition of the proceeding
See Above.

10(e)(3). found the applicant or a control affiliate to have been the cause of an investment-related business losing its authorization to do business? . . . . . . . .  Yes ☐ No ☒

10(e)(4). disciplined the applicant or a control affiliate by expelling or suspending it from membership, by barring or suspending its association with other members, or by otherwise restricting its activities? . . . . . . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(f). Has any foreign government, court, regulatory agency, or exchange ever entered an order against the applicant or a control affiliate related to investments or fraud? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(g). Is the applicant or a control affiliate now the subject of any proceeding that could result in a yes answer to questions 10(a) - 10(f)? . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(h). Has a bonding company denied, paid out on, or revoked a bond for the applicant or a control affiliate? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Yes ☐ No ☒

10(i). Does the applicant or a control affiliate have any unsatisfied judgments or liens against it? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Yes ☐ No ☒

---

**ATTENTION: INTENTIONAL MISSTATEMENTS OR OMISSIONS OF FACT CONSTITUTE FEDERAL CRIMINAL VIOLATIONS. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a)**

SIGNATURE: The registrant submitting this form, and as required, the SEC supplement and Schedules A-D, And the executing official hereby represent that all the information contained herein is true, correct and complete.

| 11(a). Signature of Official responsible for Form: | 11(b). Telephone number: |
| Howard McCarty | 312-588-4993, x4778 |
| 11(c). Title of Signing Officer: | 11(d). Date signed |
| Senior Compliance Officer | (Month/Day/Year): |
| | 2007-05-30 |

**EDGAR**Online

# MELLON INVESTOR SERVICES LLC /TA

## FORM TA-1/A
### (Amended Transfer Agent Registration)

## Filed 08/23/07

| | |
|---|---|
| Address | NEWPORT OFFICE CENTER VII |
| | 480 WASHINGTON BOULEVARD |
| | JERSEY CITY, NJ 07310 |
| Telephone | 201-680-4000 |
| CIK | 0000944496 |
| Fiscal Year | 12/31 |

Powered By **EDGAR**Online

http://www.edgar-online.com

© Copyright 2007, EDGAR Online, Inc. All Rights Reserved.

Distribution and use of this document restricted under EDGAR Online, Inc. Terms of Use.



EXHIBIT

C

UNITED STATES
SECURITIES AND EXCHANGE
COMMISSION
Washington, D.C. 20549
FORM TA-1

| OMB Approval |
| --- |
| OMB Number: 3235-0084 |
| Expires: June 30, 2009 |
| Estimated average burden |
| hours per response ...... 2.00 |

UNIFORM FORM FOR REGISTRATION AS A TRANSFER AGENT AND FOR AMENDMENT
TO REGISTRATION PURSUANT TO SECTION 17A OF THE
SECURITIES EXCHANGE ACT OF 1934

GENERAL: Form TA-1 is to be used to register or amend registration as a transfer agent
with the Comptroller of the Currency, the Board of Governors of the Federal
Reserve System, the Federal Deposit Insurance Corporation or the
Securities and Exchange Commission pursuant to Section 17A of the
Securities Exchange Act of 1934.
Read all instructions before completing this form. Please print or type all
responses.

Form Version 1.0.0

1(a). Filer CIK:
0000944496
1(c). Live/Test Filing? ☒  Live ☐  Test
1(e). Is this filing an amendment to a previous filing? ☒  Yes

1(e)(i). File Number: 084-05579

2. Appropriate regulatory agency (check one) :
☒  Securities and Exchange Commission
☐  Board of Governors of the Federal Reserve System
☐  Federal Deposit Insurance Corporation
☐  Comptroller of the Currency

3(a). Full Name of Registrant:
MELLON INVESTOR SERVICES LLC.
3(a)(i). Previous name, if being amended:

3(b). Financial Industry Number
Standard (FINS) number:  956664

3(c). Address of principal office where transfer agent activities are, or will be, performed:
3(c)(i). Address 1
Newport Office Center VII
3(c)(ii). Address 2
480 Washington Boulevard
3(c)(iii). City
Jersey City
3(c)(iv). State or Country
NJ
NEW JERSEY
3(c)(v). Postal Code
07310

3(d). Is Mailing address different from response to Question 3c?     Yes  No
If "yes," provide address(es):                                       ☐    ☒

3(e). Telephone Number
(Include Area Code)
201-680-4000

4. Does registrant conduct, or will it conduct, transfer agent activities at any   Yes  No
location other than that given in question 3c above?                              ☒   ☐
If "yes," provide address(es):
4(a)(i). Address 1
Mellon Client Service Center
4(a)(ii). Address 2
500 Ross Street
4(a)(iii). City
Pittsburgh
4(a)(iv). State or Country
PA
PENNSYLVANIA
4(a)(v). Postal Code
15262

5. Does registrant act, or will it act, as a transfer agent solely for its own    Yes  No
securities and/or securities of an affiliate(s)?

6. Has registrant, as a named transfer agent, engaged, or will it engage, a       Yes  No
service company to perform any transfer agent functions?                          ☐   ☒

7. Has registrant been engaged, or will it be engaged, as a service company       Yes  No
by a named transfer agent to perform transfer agent functions?                    ☒   ☐
If "yes," provide the name(s) and File Number(s) of the named transfer agent(s) for which the registrant has been
engaged, or will be engaged, as a service company to perform transfer agent functions:
7(a). Name
Mellon Bank, N.A.
7(b). File Number: 085-10069
7(c)(i). Address 1
One Mellon Bank Center
7(c)(ii). Address 2
500 Grant Street
7(c)(iii). City
Pittsburgh
7(c)(iv). State or Country
PA
7(c)(v). Postal Code
15258

7(a). Name
Deutsche Bank Trust Company Americas
7(b). File Number: 085-05212
7(c)(i). Address 1
60 Wall Street
7(c)(ii). Address 2
27th Floor
7(c)(iii). City
New York
7(c)(iv). State or Country
NY
7(c)(v). Postal Code
10005

7(a). Name
JPMorgan Chase Bank, N.A.
7(b). File Number: 085-11399
7(c)(i). Address 1
4 New York Plaza
7(c)(ii). Address 2
13th Floor
7(c)(iii). City
New York
7(c)(iv). State or Country
NY
7(c)(v). Postal Code
10004

7(a). Name
LaSalle Bank N.A.
7(b). File Number: 085-10189
7(c)(i). Address 1
135 S. LaSalle Street
7(c)(ii). Address 2

7(c)(iii). City
Chicago
7(c)(iv). State or Country
IL
7(c)(v). Postal Code
60603

7(a). Name
CIBC Mellon Trust Company
7(b). File Number: 084-06096
7(c)(i). Address 1
320 Bay Street
7(c)(ii). Address 2

7(c)(iii). City
Toronto
7(c)(iv). State or Country
A6
7(c)(v). Postal Code
M5H 4A6

---

Completion of Question 8 on this form is required by all independent, non-bank registrants whose appropriate
regulatory authority is the Securities and Exchange Commission. These registrants who are not required to
complete Question 8 should select "Not Applicable".

8. Is registrant a: Other
                                                                    Limited Liability Company
Section for Initial Registration and for Amendments Reporting Additional Persons.
8(a)(i). Full Name                      Gretchen Marie Molson
8(a) (ii). Relationship Start           2005-03-30
Date
8(a) (iii). Title or Status             President and Chief Executive Officer
8(a) (iv). Description of               NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                      James Matthew Balzan
8(a) (ii). Relationship Start           1989-04-03
Date
8(a) (iii). Title or Status             Managing Director, Business Development
8(a) (iv). Description of               NA
Authority
8(a) (v). Relationship End Date         2007-07-01

8(a)(i). Full Name                      David Leigh Becker
8(a) (ii). Relationship Start           2005-08-08
Date
8(a) (iii). Title or Status             Chief Compliance Officer
8(a) (iv). Description of               NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                      Robert Michael Carney, Sr.
8(a) (ii). Relationship Start           1980-04-28
Date
8(a) (iii). Title or Status             SVP, Shareholder Services
8(a) (iv). Description of               NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                      Declan Peter Thomas Donohan
8(a) (ii). Relationship Start           1991-11-07
Date
8(a) (iii). Title or Status             Managing Director, Business Development
8(a) (iv). Description of               NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                Stephen Joseph Dolmatch
8(a) (ii). Relationship Start     1995-06-14
Date
8(a) (iii). Title or Status       General Counsel & Secretary
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                Barton Hill
8(a) (ii). Relationship Start     2003-04-07
Date
8(a) (iii). Title or Status       Chief Marketing Officer
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date   2007-07-01

8(a)(i). Full Name                Frank Anthony Madonna
8(a) (ii). Relationship Start     1999-06-14
Date
8(a) (iii). Title or Status       Head of Service Delivery
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                John Barry Power
8(a) (ii). Relationship Start     2005-09-29
Date
8(a) (iii). Title or Status       Chief Administrative Officer
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date   2007-07-04

8(a)(i). Full Name                John Thomas Scagnelli
8(a) (ii). Relationship Start     1999-10-11
Date
8(a) (iii). Title or Status       SVP, Client Relationship
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date   2007-07-04

8(a)(i). Full Name                Kevin Michael Brennan
8(a) (ii). Relationship Start     2007-07-01
Date
8(a) (iii). Title or Status       Managing Director, RM Sales & Marketing
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                Kyle Cochran Kerbawy
8(a) (ii). Relationship Start     2007-07-01
Date
8(a) (iii). Title or Status       Managing Director, Direct Investments
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                Mario Passudetti
8(a) (ii). Relationship Start     2007-07-01
Date
8(a) (iii). Title or Status       Managing Director, New Product Dev.
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                Jeffrey Edward Cohen
8(a) (ii). Relationship Start     2007-07-01
Date
8(a) (iii). Title or Status       VP, Employee Stock Plan Services
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                Peter Anthony Ward
8(a) (ii). Relationship Start     2007-07-01
Date
8(a) (iii). Title or Status       VP, Chief Administrative Officer
8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date

8(a)(i). Full Name                Marc Lawrence Librizzi
8(a) (ii). Relationship Start     2007-07-01
Date
8(a) (iii). Title or Status       First VP, Chief Information Officer

8(a) (iv). Description of          NA
Authority
8(a) (v). Relationship End Date

9. Does any person or entity not named in the answer to Question 8:
9(A). directly or indirectly, through agreement or otherwise exercise or have the    Yes No ☒
power to exercise control over the management or policies of applicant; or . . . .    ☐
9(a)(i). Exact name of each person or entity
The Bank of New York Mellon Corporation
9(a)(ii). Description of the Agreement or other basis
100% Indirect Owner

9(b). wholly or partially finance the business of applicant, directly or indirectly, in
any manner other than by a public offering of securities made pursuant to the    Yes No
Securities Act of 1933 or by credit extended in the ordinary course of business by    ☒  ☐
suppliers, banks and others ? . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
9(b)(i). Exact name of each person or entity
Mellon Investor Services Holdings LLC
9(b)(ii). Description of the Agreement or other basis
100% Owner

10. Applicant and Control Affiliate Disciplinary History:
The following definitions apply for purposes of answering this Question 10

Control affiliate    – An individual or firm that directly or indirectly controls, is under common
control with, or is controlled by applicant. Included are any employees
identified in 8(a), 8(b), 8(c) of this form as exercising control. Excluded are
any employees who perform solely clerical, administrative support of
similar functions, or who, regardless of title, perform no executive duties or
have no senior policy making authority.

Investment or    – Pertaining to securities, commodities, banking, insurance, or real estate
investment related    (including, but not limited to, acting as or being associated with a broker-
dealer, investment company, investment adviser, futures sponsor, bank, or
savings and loan association).

Involved    – Doing an act of aiding, abetting, counseling, commanding, inducing,
conspiring with or failing reasonably to supervise another in doing an act.

10(a). In the past ten years has the applicant or a control affiliate been convicted of or pleaded guilty or nolo contendere ("no
contest") to:
10(a)(1). a felony or misdemeanor involving: investments or an investment-related    Yes No
business, fraud, false statements or omissions, wrongful taking of property, or    ☐  ☒
bribery, forgery, counterfeiting or extortion? . . . . . . . . . . . .

10(a)(2). any other felony? . . . . . . . . . . . . . . . . . . . . . . . . . .    Yes No
☐  ☒

10(b). Has any court in the past ten years:
10(b)(1). enjoined the applicant or a control affiliate in connection with any    Yes No
investment-related activity? . . . . . . . . . . . . . . . . . . . . . . . .    ☒  ☐
10(b)(1) (i). The individuals named in the Action
CIBC Mellon Trust Company

10(b)(1) (ii). Title of Action                                        10(b)(1) (iii). Date of
U.S. Securities and Exchange Commission v. CIBC Mellon Trust          Action
Company                                                              2005-01-14

10(b)(1) (iv). The Court or body taking the Action and its location
U.S. Securities and Exchange Commission ("SEC")

10(b)(1) (v). Description of the Action
CIBC Mellon Trust Company ("CMTC"), a transfer agent that is an affiliate of Registrant by virtue of Mellon
Canada Holding Company's 50 percent interest in the joint venture, submitted a Consent to Entry of Judgment
(the "Consent") which was presented by the SEC in the United States District Court for the District of Columbia
(the "Court") on February 16, 2005. In the Consent, and solely for the purpose of the injunctive action and any other
proceedings arising out of the SEC's investigation brought by or on behalf of the SEC or to which the SEC is a
party, CMTC consented to the entry of Final Judgment as to Defendant CMTC (the "Final Judgment") without
admitting or denying the matters set forth therein (other than those relating to the jurisdiction of the Court and the
subject matter of the action). The Final Judgment, entered on February 24, 2005, resolved the allegations that CMTC
had failed to register as a transfer agent with the SEC, that it had issued Regand Stud? stock certificates of a
company where shares were not registered with the SEC, that one of its managers had accepted payments of stock
from that company's officer to issue the certificates, and that it had acted as an unregistered broker or dealer in
connection with its stock plan administration business. CMTC was purportedly charged from prescribed violations
of Securities Act Section 5, Exchange Act Section 10(a) and Rule 10b-5, Exchange Act Section 15(a), Exchange
Act Section 17A(c)(1), and from aiding and abetting future violations of Exchange Act Section 10(b) or Rule 10b-5.
CMTC also agreed to pay a civil monetary penalty of $5 million and disgorgement of $869,773 and prejudgment
interest of $140,270. Payment was made on March 4, 2005. CMTC also consented, without admitting or denying the
SEC complaint's allegations, to the entry of an SEC administrative order based on the Final Judgment on March 2,
2005 (the "Order"). Pursuant to the Order, CMTC was censured and agreed to an undertaking to engage an
independent consultant to review its relevant businesses and procedures. This matter responds to Rems 10(b)(1) and
10(c)(2).

10(b)(1) (vi). The disposition of the proceeding
Entry of Judgment on consent. See Item (v) above for detail.

10(b)(2). found that the applicant or a control affiliate was involved in a violation    Yes No
of investment-related statutes or regulations? . . . . .    ☒  ☐

10(c). Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever:
10(c)(1). found the applicant or a control affiliate to have made a false statement or    Yes No
omission? . . . . . . . . . . . . . . . . . . . . . . . .    ☒  ☐
10(c)(1) (i). The individuals named in the Action
The Dreyfus Corporation and Michael L. Schonberg

10(c)(1) (ii). Title of Action                                        10(c)(1) (iii). Date of
In the Matter of The Dreyfus Corporation and Michael L. Schonberg    Action
                                                                    2000-05-10

10(c)(1) (iv). The Court or body taking the Action and its location
U.S. Securities and Exchange Commission ("SEC")

10(c)(1) (v). Description of the Action

The SEC issued an Order Instituting Proceedings, Making Findings, Imposing Remedial Sanctions and Ordering Respondent to Cease and Desist (the "Order"). In the Order, the SEC contended that; Dreyfus's allocation of IPOs to the Dreyfus Aggressive Growth Fund had the effect of favoring the fund over other funds with the same portfolio manager; Dreyfus inadequately disclosed the effect that the fund's allocation of IPOs had on the fund's first year performance; Dreyfus' personal securities trading policy did not adequately determine whether fund transactions by the fund's portfolio manager gave rise to a potential conflict of interest. Dreyfus, without admitting or denying any liability and in settlement of the proceeding, consented to certain findings of violations of Section 206(2) of the Investment Advisers Act of 1940, Section 17(a)(3) of the Securities Act of 1933 and Section 17(j) of the Investment Company Act of 1940, and to the imposition of a cease and desist order relating to such findings, a nine month suspension of the fund's former portfolio manager, a fine of $990,000 to be paid by Dreyfus, a fine of $50,000 to be paid by the former portfolio manager and the retention by Dreyfus of an independent consultant to conduct a comprehensive review of Dreyfus's policies and procedures relating to IPOs, performance advertising and personal securities transactions.
10(c)(1) (vi). The disposition of the proceeding
Order issued on consent. See item (v) above for detail.

10(c)(1) (i). The individuals named in the Action
Founders Asset Management LLC and Bjorn K. Borgen

10(c)(1) (ii). Title of Action
In the Matter of Founders Asset Management LLC ("FAM") and Bjorn K. Borgen
10(c)(1) (iv). The Court or body taking the Action and its location
U.S. Securities and Exchange Commission ("SEC")

10(c)(1) (iii). Date of Action
2000-02-10

10(c)(1) (v). Description of the Action
The SEC alleged that from 1992 to mid-1995, FAM's predecessor company ("Old Founders") used brokerage commissions generated from certain small privately managed accounts to compensate an unaffiliated registered representative for client referrals without making adequate disclosure in its Form ADV or otherwise, and that Old Founders failed to adequately disclose the effect of a change in its trade allocation policy which resulted in delayed execution of trades in these small, privately managed accounts. FAM consented to the entry of an administrative order by the SEC relating to Old Founders' brokerage practices from 1992 to mid-1995 for certain small private accounts. FAM consented to the SEC order without admitting or denying the SEC's findings and under the terms of the settlement, FAM, as successor to Old Founders, agreed to a censure, cease and desist order and a $50,000 penalty. During the relevant time period, Old Founders was under the ownership and direction of Bjorn K. Borgen. Borgen also entered into a settlement with the SEC related to this matter. Borgen agreed to a cease and desist order, a 180-day suspension, disgorgement of $390,000 (with credit for $65,000 previously paid by Old Founders to clients, for a net disgorgement amount of $905,000) and a penalty of $150,000. Borgen has not been affiliated with FAM since April 01, 1998. This matter responds to items 10(c)(1), 10(c)(3) and 10(c)(9).
10(c)(1) (vi). The disposition of the proceeding
Order issued on consent. See item (v) above for detail.

10(c)(2). found the applicant or a control affiliate to have been involved in a violation of its regulations or statutes? . . . . . . . . . . . . . . . . . . . . . . . . . . .

Yes No
☒ ☐

10(c)(3) (i). The individuals named in the Action
The Dreyfus Corporation

10(c)(3) (ii). Title of Action
In the Matter of The Dreyfus Corporation, Respondent

10(c)(3) (iv). The Court or body taking the Action and its location
U.S. Securities and Exchange Commission ("SEC")

10(c)(3) (iii). Date of Action
2006-09-07

10(c)(3) (v). Description of the Action
The SEC issued an "Order Instituting Public Administrative and Cease-and-Desist Proceedings, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to Sections 203(e) and 203(k) of the Investment Advisers Act of 1940." In the Order, the SEC alleged that from July 2000 through June 2004, The Dreyfus Corporation ("Dreyfus") collected compensation from Dreyfus Premier Enterprise Fund and Dreyfus Premier Nextech Fund (each, a "Fund," together, the "Funds") in violation of Section 205 of the Investment Advisers Act of 1940. Specifically, the SEC alleged that during the relevant period, Dreyfus charged performance-based compensation that was calculated for each of the two Funds by applying its total fee rate (comprised of a fulcrum-fee rate as adjusted by a performance-adjustment rate) against each Fund's daily net asset value, and, thus, Dreyfus did not calculate its total fee consistent with either Rule 205-2(b) or Rule 205-2(a). Upon notification by the SEC that Dreyfus was charging a total fee based on a method that did not comply with Section 205 of the Investment Advisers Act of 1940, Dreyfus discontinued the method and subsequently reimbursed the Funds plus interest of $273,830, for a total payment of $3,278,251. In anticipation of the institution of these proceedings, Dreyfus submitted an Offer of Settlement which the SEC determined to accept. The SEC ordered the sanctions agreed to in the Offer of Settlement 7 namely, that Dreyfus is censured and that Dreyfus cease and desist from committing or causing any future violations of Section 205(a) of the Advisers Act. In determining to accept the Offer of Settlement, the SEC considered remedial acts promptly undertaken by Dreyfus and the cooperation afforded the Commission staff.
10(c)(3) (vi). The disposition of the proceeding
Order issued on consent. See item (v) above for detail.

10(c)(3) (i). The individuals named in the Action
The Boston Company

10(c)(3) (ii). Title of Action
SEC File No. 3-7974

10(c)(3) (iv). The Court or body taking the Action and its location
U.S. Securities and Exchange Commission ("SEC")

10(c)(3) (iii). Date of Action
1993-02-04

10(c)(3) (v). Description of the Action
The Boston Company ("TBC") was found by the SEC to have materially overstated its income figures for the first three quarters of 1988. Based on these findings, the SEC concluded that in 1988 TBC caused violations of section 13(A) and 13(B)(2)(A) of the Exchange Act and rules 12 (B)-20, 13A-13 and 13B2-1 promulgated thereunder. Accordingly, TBC is required to permanently cease and desist from committing or causing any future violations of such provisions of the securities laws. The Commission accepted TBC's offer of settlement with respect to public administrative proceedings instituted by the SEC pursuant to section 21C of the Securities Exchange Act of 1934. Without admitting or denying the matters set forth in the SEC's order instituting proceedings, TBC consented to the issuance of the order and to the entry of the findings contained therein. The order contains no findings which could suggest any misapplication or diversion of client assets.
10(c)(3) (vi). The disposition of the proceeding
Order issued on consent. See item (v) above for detail.

10(c)(3) (i). The individuals named in the Action
Boston Asset Management, Inc.

10(c)(3) (ii). Title of Action
SEC File No. 3-5068

10(c)(3) (iv). The Court or body taking the Action and its location
U.S. Securities and Exchange Commission ("SEC")

10(c)(3) (iii). Date of Action
1976-08-24

10(c)(3) (v). Description of the Action

Boston Asset Management, Inc. ("BAMF") was alleged to have violated certain provisions of the securities laws in connection with the sale of certain securities by BAM.

10(c)(2) (vi). The disposition of the proceeding
The SEC found certain violations of the securities laws and imposed administrative censure.

10(c)(3) (i). The individuals named in the Action
The Dreyfus Corporation

| | |
|---|---|
| 10(c)(3) (ii). Title of Action<br>Not available. | 10(c)(3) (iii). Date of<br>Action<br>1976-01-01 |

10(c)(3) (iv). The Court or body taking the Action and its location
U.S. Securities and Exchange Commission (SEC?)

10(c)(3) (v). Description of the Action
SEC named The Dreyfus Corporation ("Dreyfus") a respondent in administrative proceedings which had previously been instituted concerning an unaffiliated securities analyst and several unaffiliated investment advisory firms with respect to allegations of misuse of material nonpublic information in connection with trading in securities of Equity Funding Corporation of America ("Equity Funding"). The allegations against Dreyfus, which did not include material monetary damages, involved a transaction in March 1973 where the Dreyfus Special Income Fund, Inc. (currently, The Dreyfus Convertible Securities Fund, Inc.), which is managed by Dreyfus, sold $500,000 face amount of convertible subordinated debentures of Equity Funding for proceeds of $353,759 (next $338,000). An SEC administrative law judge rendered a decision in which, among other matters, he found that Dreyfus had sold securities on the basis of material nonpublic information concerning Equity Funding without making full disclosure to the buyer, but that in this case, the imposition of a sanction was not deemed necessary.
10(c)(3) (vi). The disposition of the proceeding
SEC Administrative Law judge decision. See item (v) above for detail.

10(c)(3) (i). The individuals named in the Action
CIBC Mellon Trust Company

| | |
|---|---|
| 10(c)(3) (ii). Title of Action<br>U.S. Securities and Exchange Commission v. CIBC Mellon Trust<br>Company | 10(c)(3) (iii). Date of<br>Action<br>2005-01-14 |

10(c)(3) (iv). The Court or body taking the Action and its location
see item 10(b)(1) above

10(c)(3) (v). Description of the Action
see item 10(b)(1) above

10(c)(3) (vi). The disposition of the proceeding
see item 10(b)(1) above

10(c)(3) (i). The individuals named in the Action
Founders Asset Management LLC and Bjorn K. Borgen

| | |
|---|---|
| 10(c)(3) (ii). Title of Action<br>In the Matter of Founders Asset Management LLC ("FAM") and<br>Bjorn K. Borgen | 10(c)(3) (iii). Date of<br>Action<br>2000-02-10 |

10(c)(3) (iv). The Court or body taking the Action and its location
see item 10 (c)(1) above

10(c)(3) (v). Description of the Action
see item 10 (c)(1) above

10(c)(3) (vi). The disposition of the proceeding
see item 10 (c)(1) above

|  | Yes No |
|---|---|
| 10(c)(3). found the applicant or a control affiliate to have been a cause of an<br>investment-related business having its authorization to do business denied,<br>suspended, revoked or restricted? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ ☒ |
| 10(c)(4). entered an order denying, suspending or revoking the applicant's or a<br>control affiliate's registration or otherwise disciplined it by restricting its<br>activities? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Yes No<br>☒ ☐ |

10(c)(4) (i). The individuals named in the Action
Founders Asset Management LLC and Bjorn K. Borgen

| | |
|---|---|
| 10(c)(4) (ii). Title of Action<br>In the Matter of Founders Asset Management LLC ("FAM") and<br>Bjorn K. Borgen | 10(c)(4) (iii). Date of<br>Action<br>2000-02-10 |

10(c)(4) (iv). The Court or body taking the Action and its location
see item 10(c)(1) above

10(c)(4) (v). Description of the Action
see item 10(c)(1) above

10(c)(4) (vi). The disposition of the proceeding
see item 10(c)(1) above

10(d). Has any other Federal regulatory agency or any state regulatory agency:

| | Yes No |
|---|---|
| 10(d)(1). ever found the applicant or a control affiliate to have made a false<br>statement or omission or to have been dishonest, unfair, or unethical? . . . . . . | ☐ ☒ |
| 10(d)(2). ever found the applicant or a control affiliate to have been involved in a<br>violation of investment-related regulations or statutes? . . . . . . . . . . . . . . . | Yes No<br>☐ ☒ |
| 10(d)(3). ever found the applicant or a control affiliate to have been a cause of an<br>investment-related business having its authorization to do business denied,<br>suspended, revoked, or restricted? . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Yes No<br>☒ ☐ |

10(d)(3) (i). The individuals named in the Action
The Boston Company Advisors, Inc.

| | |
|---|---|
| 10(d)(3) (ii). Title of Action<br>Docket/Case Number: 95-027-8 | 10(d)(3) (iii). Date of<br>Action<br>1995-04-25 |

10(d)(3) (iv). The Court or body taking the Action and its location
The State of Vermont Securities Division

10(d)(3) (v). Description of the Action
The State of Vermont Securities Division initiated an Administrative hearing against The Boston Company Advisors, Inc. ("TBCA"). The State of Vermont alleged that TBCA failed to maintain an effective securities registration in Vermont for a non-affiliated investment company administered by TBCA.

10(d)(3) (vi). The disposition of the proceeding
TBCA executed a consent order without admitting or denying any allegations and consented to pay Vermont an administrative penalty of $250 and costs of $150.

10(d)(3) (i). The individuals named in the Action
Mellon Financial Markets, LLC

| 10(d)(3) (ii). Title of Action | 10(d)(3) (iii). Date of |
| Administrative Order CO-94-0078 | Action |
| | 1994-12-21 |

10(d)(3) (iv). The Court or body taking the Action and its location
State of Alabama Department of Securities & Finance

10(d)(3) (v). Description of the Action
The State of Alabama initiated an administrative proceeding against Mellon Financial Markets, LLC (formerly, Mellon Investment Products Company (MIPC)) which, upon requesting registration in Alabama, disclosed it had executed odd mutual fund transaction. Firm was found to have violated Section 8-6.3(a) Code of Alabama 1975. Alabama issued a cease and desist order against firm and associated individuals.
10(d)(3) (vi). The disposition of the proceeding
MIPC signed a written consent order, paid an administrative assessment of $1000, investigative costs of $300 and agreed that no sales to Alabama residents would be made until registered (note: the firm was granted registration 2/3/95).

10(d)(3) (i). The individuals named in the Action
Founders Asset Management Company, LLC

| 10(d)(3) (ii). Title of Action | 10(d)(3) (iii). Date of |
| CRD 4-4645 | Action |
| | 1994-06-07 |

10(d)(3) (iv). The Court or body taking the Action and its location
Alabama Securities Commission

10(d)(3) (v). Description of the Action
The Alabama Securities Commission initiated an administrative proceeding against Founders Asset Management Company, LLC, whose predecessor, Founders Asset Management, Inc., and Founders Funds, Inc. were alleged to have sold unregistered securities, to have failed to properly supervise the activities of their agents and/or employees and to have failed to file sales reports. The matter was resolved with an Administrative Consent Order in which Respondent agreed to implement procedures to ensure compliance with the provisions of the Alabama Securities Act to pay an administrative assessment in the amount of $2500 and to pay $1250 as a partial reimbursement for the Alabama Securities Commission costs in investigating this matter.
10(d)(3) (vi). The disposition of the proceeding
Administrative Consent Order. See item (v) above for details.

10(d)(3) (i). The individuals named in the Action
Founders Asset Management, Inc. and Dreyfus Founders Funds, Inc. (formerly Founders Funds, Inc.)

| 10(d)(3) (ii). Title of Action | 10(d)(3) (iii). Date of |
| Not available. | Action |
| | 1994-03-07 |

10(d)(3) (iv). The Court or body taking the Action and its location
Colorado Division of Securities

10(d)(3) (v). Description of the Action
The Colorado Division of Securities initiated an Administrative proceeding against Founders Asset Management, Inc and Founders Funds, Inc. ("Respondents"), alleging that Respondents failed to file exemption forms and pay requisite filing fees.
10(d)(3) (vi). The disposition of the proceeding
Administrative Consent Order in which Respondents agreed to implement procedures to ensure compliance with the provisions of the Colorado Securities Act.

10(d)(3) (i). The individuals named in the Action
Founders Asset Management Company, LLC

| 10(d)(3) (ii). Title of Action | 10(d)(3) (iii). Date of |
| CRD 4-4645 | Action |
| | 1994-02-24 |

10(d)(3) (iv). The Court or body taking the Action and its location
New Mexico Securities Division

10(d)(3) (v). Description of the Action
The New Mexico Securities Division initiated an Administrative proceeding against Founders Asset Management Company, LLC, whose predecessor, Founders Asset Management, Inc. ("Respondent"), was alleged to have failed to renew the registrations of two portfolios of Founders Funds, Inc. and to have sold shares of the portfolios during a period during which no registration or exemption was in effect.
10(d)(3) (vi). The disposition of the proceeding
The matter was resolved with an Administrative Consent order in which Respondent agreed it would pay a civil penalty of $2520.

| | Yes No |
| 10(d)(4). In the past ten years entered an order against the applicant or a control affiliate in connection with investment-related activity? . . . . . . . . . . | ☐ ☒ |
| 10(d)(5). ever denied, suspended, or revoked the applicant's or a control affiliate's registration or license, or prevented it from associating with an investment-related business, or otherwise disciplined it by restricting its activities? . . . . . . | Yes No ☐ ☒ |
| 10(d)(6). ever revoked or suspended the applicant's or a control affiliate's license as an attorney or accountant? . . . . . . . . . . . . . . . . . . . . . . | Yes No ☐ ☒ |
| 10(e). Has any self-regulatory organization or commodities exchange ever: | |
| 10(e)(1). found the applicant or a control affiliate to have made a false statement or omission? . . . . . . . . . . . . . . . . . | Yes No ☐ ☒ |
| 10(e)(2). found the applicant or a control affiliate to have been involved in a violation of its rules? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Yes No ☒ ☐ |

10(e)(2) (i). The individuals named in the Action
MBSC, LLC

| 10(e)(2) (ii). Title of Action | 10(e)(2) (iii). Date of |
| Docket/Case Number: NASD 20042000083-01 | Action |
| | 2005-11-14 |

10(e)(2) (iv). The Court or body taking the Action and its location
NASD

10(e)(2) (v). Description of the Action
The NASD alleged that MBSC, LLC did not submit required information to OATS on 15 business days during the first quarter of 2003 and did not reasonably enforce its written supervisory procedures with respect to OATS compliance during that quarter. Without admitting or denying the alleged violations, MBSC, LLC accepted the NASD's findings that it did not submit the required information to OATS on 15 business days during the first quarter of 2003 and did not reasonably enforce its written supervisory procedures with respect to OATS compliance during the quarter. MBSC, LLC consented to the imposition of a censure and a fine of $10,000 ($5,000 for the OATS violations and $5,000 for the supervision violations). The NASD accepted MBSC's acceptance and consent on November 14, 2005.

10(e)(2) (vi). The disposition of the proceeding
Acceptance, Waiver and Consent. See item (v) above for detail.

10(e)(2) (i). The individuals named in the Action
Mellon Financial Markets, LLC

10(e)(2) (ii). Title of Action
Docket/Case Number: C9A000005

10(e)(2) (iii). Date of
Action
2000-02-10

10(e)(2) (iv). The Court or body taking the Action and its location
NASD

10(e)(2) (v). Description of the Action
During the period January 1998 through June 1999, Mellon Financial Markets, LLC (Mellon Financle?) failed to file Municipal Securities Rulemaking Board (MSRB?) Form G-36 (ARD) for sixteen municipal underwritings, within five business days after delivery of the securities by the issuer to the underwriter in accordance with the filing procedures for MSRB Rule G-36. In addition, in three of these instances, Mellon Financial failed to maintain a record of sending the Form G-36 (ARD) to the MSRB. The conduct constitutes violations of MSRB rule G-36 and MSRB Rule G-8.

10(e)(2) (vi). The disposition of the proceeding
Acceptance, Waiver, and Consent; $3,000 fine.

| | Yes No |
|---|---|
| 10(e)(3). found the applicant or a control affiliate to have been the cause of an investment-related business losing its authorization to do business? . . . . . . . . | ☐ ☒ |
| 10(e)(4). disciplined the applicant or a control affiliate by expelling or suspending it from membership, by barring or suspending its association with other members, or by otherwise restricting its activities? . . . . . . . . . . . . . . . . | ☐ ☒ |
| 10(f). Has any foreign government, court, regulatory agency, or exchange ever entered an order against the applicant or a control affiliate related to investments or fraud? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ ☒ |
| 10(g). Is the applicant or a control affiliate now the subject of any proceeding that could result in a yes answer to questions 10(a) - 10(F)? | ☐ ☒ |
| 10(h). Has a bonding company denied, paid out on, or revoked a bond for the applicant or a control affiliate? . . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ ☒ |
| 10(i). Does the applicant or a control affiliate have any unsatisfied judgments or liens against it? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ ☒ |

**ATTENTION: INTENTIONAL MISSTATEMENTS OR OMISSIONS OF FACT CONSTITUTE FEDERAL CRIMINAL VIOLATIONS. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a)**

| SIGNATURE: The registrant submitting this form, and as required, the SBC supplement and Schedules A-D, | |
|---|---|
| And the executing official hereby represent that all the information contained herein is true, correct and complete. | |
| 11(a). Signature of Official responsible for Form: David Leigh Becker | 11(b). Telephone number: 201-680-2129 |
| 11(c). Title of Signing Officer: Chief Compliance Officer | 11(d). Date signed (Month/Day/Year): 2007-08-21 |

**Stock Price of CME Holdings Stock on July 3, 2006**

| Date | Open | High | Low | Close | Volume | Adj Close | Value of 601 shares** |
|------|------|------|-----|-------|--------|-----------|----------------------|
| 7/3/2006 | 492.15 | 508.84 | 443.65 | 461.2 | 525600 | 457.88 | $277,181.20 |

** Based on Closing



EXHIBIT
D
PENGAD 800-631-6989

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN M. SALEEBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cause No. |
| | ) | |
| CHICAGO MERCANTILE EXCHANGE, | ) | |
| INC., CHICAGO MERCANTILE | ) | |
| EXCHAHNGE HOLDINGS, INC., | ) | |
| COMPUTERSHARE INVESTOR | ) | |
| SERVICES, LLC, and MELLON | ) | |
| INVESTOR SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

\_\_\_THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

 X NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND

THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date:\_\_October 24, 2007

_____
Signature of Filing Party



3363256

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | |
| **(b)** County of Residence of First Listed Plaintiff  St. Louis County, Missouri<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Cook County, Illinois<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>David B. Cosgrove, Capes, Sokol, Goodman & Sarachan, P.C.<br>7701 Forsyth Blvd., 12th Fl.<br>St. Louis, MO 63105-1818 | Attorneys (If Known)<br>William R. Bay, Thompson Coburn LLP<br>One US Bank Plaza, St. Louis, MO 63101-1611<br>Of Counsel: Skadden, Arps, Slate, Meagher & Flom LLP, Chicago, IL |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [■] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [■] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [■] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (excl. vet.)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Inj. | **PERSONAL INJURY**<br>[ ] 362 Personal Injury— Med. Malpractice<br>[ ] 365 Personal Injury— Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce/ICC Rates/etc.<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Satellite TV<br>[ ] 810 Selective Service<br>[ ] 850 Security/Commodity/Exch.<br>[ ] 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 444 Welfare<br>[ ] 445 ADA—Employment<br>[ ] 446 ADA — Other<br>[ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt.Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[■] 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [■] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI.  CAUSE OF ACTION** (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

Plaintiff did not specify a statute under which he filed.

**VII. PREVIOUS BANKRUPTCY MATTERS** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

| **VIII.  REQUESTED IN COMPLAINT:** | [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ >$25,000. | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  [ ] Yes  [ ] No |
|---|---|---|---|

**IX. This case** [■] is not a refiling of a previously dismissed action.

[ ] is a refiling of case number _____, previously dismissed by Judge _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| | _signature_  Oct. 24, 2007. |

EXHIBIT G

FORM 10-531-6698